May it please this honorable court. My name is David Basham. I represent the appellant. He pled guilty to aggravated sexual abuse of a minor for touching the breast of a 14 year old girl for the purpose of sexual gratification. Using the modified categorical approach, the district court found appellant's prior conviction to be a crime of violence based on two things. Based on that the sexual abuse of a minor and the court also felt that it was a forcible sex offense. The appellant's prior Illinois conviction we respectfully submit is neither. It is not a crime constituting sexual abuse of a minor for the following reasons. The Illinois conviction does not involve a sex act under the or psychological harm under the other generic judicially accepted definition under Medina via and Barron Medina. The minor female was 14 years old, thus touching her breast for sexual gratification is not per se abuse. The appeal, on appeal the government has not contested the appellant's position that this prior conviction did not constitute a generic offense of sexual abuse of a minor. Since the court found that it was, we address this issue. Second, the appellant's prior conviction is not a forcible sex offense. At this point I wish to acknowledge that in my pleadings and my reply brief, I incorrectly relied on U.S. versus Espinoza Morales. And I apologize for that. Closer reading, I should have discovered this sooner and informed the court. Nonetheless, in this case before the court, there is no unfair advantage of the minor due to a mental impairment or physical condition rendering her unable to resist. Appellant submits that under this circumstance the government was burdened with showing force by lack of consent other than the minor's age, which the government has not shown. We are here today. You don't have any case that directly holds that, do you? I do not have any case that specifically holds that. I have cited language from cases that I believe support our position. Our position meaning what? There has to be something other than lack of consent? What do you mean by supports our position? I believe that first – I believe that we're here today because of the ambiguity created by the 2008 amendment that's referred to as Amendment 722. And I believe how the government interprets that amendment relates to the question that this is not a sexual abuse of a minor, and it's not a sexual abuse of a minor, it's a sexual abuse of a minor, and it's not a sexual abuse of a minor, it's a sexual abuse of a minor. And I believe that the government argues the term includes minors who cannot legally consent to sex, that force is established by age alone. Counsel, I'm a little confused. I know that the district court found on two grounds that there was sex abuse of a minor and forcible sex offenses. Now, are you arguing right now that this is not a sex abuse of a minor? Yes, Your Honor. Okay. I thought the government had abandoned that argument. I didn't think they pressed that on appeal. I don't think you have to – I'm not sure you have to defend that one. The court may be correct. I was concerned that I needed to address this issue because the court had not made that finding. Yeah. I know that the district court did, but I thought that the government had abandoned the argument. And so you may want to focus on forcible sex offense. If the government decides to come back and try and convince us that it has preserved the argument, then we'll – we may need to make some other arrangements. But if I – my advice is at least I would be more interested in hearing about forcible sex offense under 2L1.2 in the new commentary. And I agree, Judge. And I actually had totally covered that in my argument this morning, but I did feel that I needed to bring it up as much as I did. The appellant submits that age of the minor is irrelevant to the determination of force based on lack of consent because the parenthetical phrase, the Amendment 722, applies only to forcible sex offenses. Sex offenses committed upon minors who cannot legally consent are already covered as crimes of violence under statutory rape and sexual abuse of a minor. Why – why does the inclusion of those terms mean that this term cannot mean anything else? Well, I believe that Why can't this be sort of a belt and suspenders approach in which the commentary is just trying to cover a broad range of State offenses that are – don't come from – don't necessarily come from the model penal code and may not use the same terminology? Our argument – our response to that query is that we believe that the sentencing commission promulgated this modification only for a very discreet purpose, and that was to deal with a particular problem that involved assent or what they called factual consent in rape cases. And it wasn't designed to broaden this offense, a forcible sex offense, to the point of eliminating the need of using sexual offense of a minor or statutory rape, for instance. It wasn't designed to render those superfluous. Right. But we have this parenthetical that would seem to cover this situation because it says that – that forcible sex offenses includes where consent to the conduct is not legally valid. Wouldn't that cover your case in Illinois? Well, it – basically, if you look – our argument is if you look to the reason that they devised that language, that modification, it dealt basically only with the situation of where there was no consent coupled with assent or consent in fact. And basically, these predicate offenses were kicked out and not considered as enhancers. And the commission was trying to deal with that situation. I know – I know that there's additional comment here that suggests that they were trying to address a series of Fifth Circuit cases, and they named those in some additional commentary. But that doesn't mean that the note is – that the application note is limited to overruling the Fifth Circuit's cases. And they've chosen some language that says including, which means it's not exclusive, including where consent is not – isn't your case, wasn't consent, not legally valid. There is not a legal consent in our case. But consent is not required or is not even relevant in sexual abuse of a minor. Yeah, but we're not – we're not really – we're talking about sexual abuse of a minor. That's the one I believe the government is not – is not arguing. We're arguing about forcible sex offenses, which is followed by a parenthetical. Mm-hmm. The parenthetical refers to where consent is not legally valid. We still believe that there needs to be, with the intent of – what we believe was the intent of this amendment, we believe that there needs to be more than mere lack of consent based on age alone. And these situations are perfectly covered in Section 106 of the statutory rate, and they are covered in sexual abuse of a minor. And if the court follows the argument of the government, this is going to create yet even another category that we believe will complicate the future analysis of these types of crimes. Go ahead. Your argument is that statutory rape, the phrase, would become superfluous if we adopt this position, correct? Your Honor. Isn't statutory rape a crime of strict liability where the defendant need not know the minor's age? That is correct. But in – That would be an independent reason for it to be a separate crime. Well, in statutory rape, there basically is a factual consent implied in the scenario. If there's not, the case becomes full-fledged rape. Yes, correct. And we believe that if you follow the government's position in this case, that the statute that it will basically confuse and we believe renders superfluous the statutory rape conviction. There is no consent in statutory rape. So a statutory rape scenario would be – could be included in this new forcible sex offense, if you follow the government's reasoning. It could be. And in some cases, it wouldn't. Perhaps. Counsel, while we're looking at redundancies, that same definition of crime of violence includes the following list, murder, manslaughter, kidnapping, aggravated assault. Isn't murder a form of aggravated assault? It is. Okay. Well, if that's the case, then we clearly have a redundancy in the same comment that you have what appears to be a redundancy here. A redundancy, then, doesn't appear to be an argument for excluding it. Yes, Your Honor. But we haven't eliminated consent, the element of consent from the murder scenario. And we haven't replaced the force implied in the situation with lack of consent. And so I respectfully submit that that doesn't specifically go against my argument. Okay. Counsel, you're two minutes over your time. I'm going to allow you at least one minute for rebuttal. Let's hear from the government. Thank you. Ms. Seeger. Erica Seeger on behalf of the District of Arizona. The federal generic definition of forcible sex offense includes, as defined in Gallegos Galindo, is the sex offense without legally valid consent from the victim. And that's exactly the situation that we have here. The Illinois aggravated criminal sexual abuse statute that the victim is convicted under requires the victim to be under the age of 17. In this case, the judicially noticeable documents establish that she was barely 14 when the offense took place. A 14-year-old in, I think, every jurisdiction in the United States cannot legally consent to any type of sexual activity, whether it's sexual conduct or sexual penetration. Because the Illinois statute requires either sexual conduct or sexual penetration, the federal generic definition of forcible sex offense  It does not apply to this offense for purposes of the federal generic definition. And because the victim could not legally consent, it therefore meets the generic definition of forcible as defined under the expanded application note in 2008, application note 722. Well, the 2008 note, you know, to me seems to be specifically addressed to the Fifth Circuit cases and really doesn't seem to address the situation of minors at all. There's no discussion of minors in there, is there, as the reason for the amendment? There is not, Your Honor. However, as this Court recognized in Ruiz Apollonio, that application note was not meant to be exhaustive in that it didn't seek to cover every single situation where there would not be legally valid consent. What's your response to Mr. Basham's argument that, well, well, first of all, it's based, I gather, on the rule that or the principle that the sentencing guidelines are subject to the same rules of construction as the ordinary statute, and that controlling or one of the applicable rules of interpretation, you know, should be not to make other portions of the guidelines superfluous, namely the statutory rape mentioned specifically, right? I apologize for interrupting. The guidelines in themselves, as was already pointed out, are somewhat – there's an overlap between the different enumerated crimes contained within the crime of violence definition. For example, murder and aggravated assault would also qualify under the – They aren't the same crime at all. They aren't, but they would also – Since the beginning of time, as far as I can tell, murder and aggravated assault have been listed as separate crimes. But they would also – It's not even a lesser included crime of murder, is there? Not necessarily. Somebody charged with murder can't ask for a lesser included crime instruction on aggravated assault, can he or she? I think it would depend on the jurisdiction and what elements were required. Name me one where it's possible, where aggravated assault is a lesser included crime. I don't think they're, you know, overlapping at all. No, Your Honor. My point was that they would overlap with the residual clause, where they would have an element of the use, attempted use, or threatened use of physical force. So, for example, aggravated assault would also qualify as a crime of violence even if it wasn't enumerated under the residual clause. Well, are you arguing now that this comes under the residual clause? No, Your Honor. My point is, is that there are other enumerated crimes that would also be covered by a different part of the crime of violence definition. So, for example, in a case where there is – By definition, of course, the enumerated crimes would come under the residual clause because the crimes under the residual clause are supposed to be like the enumerated crimes. That's the reason you have that relationship, right? Correct. I don't understand your argument. Because there is some overlap between the different crimes that are covered in the crime of violence. So, for example, a statutory rape may qualify as a forcible sex offense because the forcible sex offense definition is broader than the definition of statutory rape or sexual abuse of a minor, much as an aggravated assault would also qualify under the residual clause because the residual clause is broader than a specific definition of aggravated assault. And so just because the crime is specifically enumerated or is set forth within the crime of violence definition doesn't render it superfluous because it could be covered by another part of the crime of violence definition. All right. If we go with your interpretation of a forcible offense here, you don't need to list statutory rape at all, right? It would depend on the elements of statutory rape in a particular jurisdiction. Well, I'm talking about the generic statutory rape. Right? Well, this Court hasn't definitively defined what generic statutory rape is. It may or may not include a four-year age difference, given the Court's holdings in Rodriguez-Guzman and Gonzalez-Aparicio. So it would ultimately be an individual analysis, depending on what the elements of the State offense were, whether or not it qualified as both statutory rape and a forcible sex offense, or only one or the other. And wouldn't a defense to statutory rape be that the offender did not know the age of the victim? It is, in my understanding, in most jurisdictions. But, again, it would be a specific analysis that would be done under that statute. And that's obviously not the case that we have here. We know in this case that the defense actually is that the defendant thought that the victim was 17 or older. Right. Counsel, the Fourth Circuit has disagreed with the position the government takes here. Is there anybody else who has addressed this? Your Honor, not that I'm aware of. This Court has addressed, obviously, in Gallegos-Calindo in an unpublished decision. So this Court has addressed the issue. But I believe the Fourth Circuit is the only Court that has kind of in passing addressed the issue. I would note that the Fourth Circuit case, what they were tasked with was whether or not the Tennessee statute met the definition of statutory rape. And they very briefly dismissed the government's argument with regard to forcible sex offense without directly addressing it, because it was an alternative argument. So as I stated, the government's position is that the federal generic definition of forcible sex offense was met by the aggravated criminal sexual abuse statute the defendant was convicted under. Is there a defendant – I'm sorry. Is there a definition of sex offense? There is not a definition of sex offense that I – that has been promulgated by the Sentencing Commission or by any case law. And the case here would meet the definition of sex offense on multiple levels, number one, because it involves sexual contact, number two, because it was for the purpose of sexual gratification. The defendant also was required to register as a sex offender and submit to sex offender type treatment. And so for all of those reasons, the Illinois statute would qualify as a sex offense. By the way, Mr. Gere, I want to follow up on Judge Bybee's comment earlier to Mr. Basham, with which I agree. Is it the government's position that you're not pressing the ground of the sexual abuse as a basis for the enhancement? Correct. All right. So we only have to decide then whether this is a forcible sex offense, right? Correct. Okay. Thank you. And I would also note that the district court in this case held that she would have ultimately imposed the same sentence regardless of whether or not the guideline calculation was correct. How can we honor that, though, if the district court has made a mistake in the guidelines here? We have to start with it. The district court has to start from correct premises. And if we've got a wrong premise, then we're going to have to start all over again, aren't we? Well, in this case, she actually calculated both guidelines. She calculated the guidelines that she thought were applicable and then varied downward to a 30-month range. And then she also stated, calculated the guidelines if Mr. Basham was correct and it was only a plus-4 enhancement, that she then stated she would have varied upward to the exact same sentence that she imposed. So she actually calculated both guideline ranges and specifically stated that if she was, in fact, incorrect in the guideline calculations, that this is what the guideline calculations were, and that she would have imposed the exact same sentence under 18 U.S.C. 3553A. Does that move this whole thing? Yes. In many senses, it could, because it's – it would be essentially harmless error. Even if she was incorrect in the guideline calculations, she would have imposed the same sentence if the guideline calculations were as the appellant wishes they  were. And so either way, the remand would essentially, according to what the judge had said, would result in the same sentence. Even if we thought that the district court had correctly calculated the alternatives there, have we approved that practice? It just seems to me a little odd to know that you can just sort of decide a lot of things in the alternative in case you're wrong. I know that we get away with it sometimes, but on the calculation of the guidelines, it seems to me that if you knew that you were wrong on something from originally that you only had one path that you could take, that it might alter the way that you thought about the case. Your Honor, I note my time is up. May I answer your question? Sure. I believe this Court addressed that similar circumstance in United States v. Collins, which I spoke about in my brief, where as long as the district court shows that a misapplication of the guidelines would have resulted in a different sentence, then it would, then remand would be appropriate. But in this circumstance, that's not the facts that we have. Okay. Thank you, Ms. Sager. Mr. Basham. Thank you, Judge. Just briefly on the sentencing. The two sentences in this case were not together, were not overlapping. They were two completely different sentences. They made a level 12 offense into a level 24. And the possibilities for each one weren't overlapping. And so there was a different sentence based on her finding that there was sexual abuse of a minor. But she's approving it in the – did the district court make two separate calculations based on her assumptions? In effect, she did. Is there any error in the alternative sentence that she's – We believe that there is. What's the error? So there's error in both sentences that she would have imposed? If the court was correct that this was a forcible sex offense and that this was sexual abuse of a minor, she based her sentence on those two findings. Her sentence would be reasonable. But the court was not correct. And the court rendered a sentence in this case that wasn't even in the parameters of when the court says, if I made a mistake in my calculation on a level 12, basically, that did not relate. There was no basis for that. There's nothing on the record that supports that. I think what you're getting at is – and I haven't looked at this for a while, but my recollection is that our case is, say, on this harmless error alternative sentencing basis that in order to find a harmless error on that basis, the district court, in effect, has to go through an entire – almost an entire alternative sentencing dialogue. In other words, it has to make all the findings in the 3553A under the alternative sentence that it made in the first sentence. And I don't think the district court did that here. It was kind of a shortcut, shortcut analysis, you know, as to why she would have stayed at the same range, right? I agree. I'm over my time, but may I pose one more statement? Yes. Thank you. If you follow the court's reasoning in this case, we are left with the situation that we now have a forcible sex offense that can be based on sexual offense, which we don't have totally defined, based on nothing more than minority. And we believe that this is not what the sentencing commission had in mind when they developed this. And I believe it would lead to absurd results. Okay. Thank you, counsel. We appreciate the argument of both counsel, United States v. Acosta Chavez. This case will be submitted.
judges: Wood, Tashima, Bybee